**UNITED STATES DISTRICT COURT**
**<u>NORTHERN DISTRICT OF NEW YORK</u>**

TAMMY KISTNER, NONA BROWN,
JESSICA SAYMAN, TARESSA HARRISON,
CHRISTINA MASON-BELL, ANTOINETTE
TRIVONE and DIANA DEJESUS
on behalf of themselves and all other
employees similarly situated,

                              Plaintiffs,

v.
                              **CLASS ACTION AND**
                              **COLLECTIVE ACTION**
                              **COMPLAINT AND**
                              **DEMAND FOR JURY**
                              **TRIAL**

BMT HOSPITALITY LLC,                      3:17-CV-_270_ [FJS/DEP]
(d/b/a Holiday Inn Express)
TMB, LLC (d/b/a Candlewood Suites)
and THOMAS BEDOSKY,
individually
_____        Defendants.

Tammy Kister, Nona Brown, Jessica Sayman, Taressa Harrison, Christina Mason-Bell, Antoinette Trivone and Diana DeJesus (hereinafter "Named Plaintiffs" or "Class Representatives") by their attorney, Stan Matusz, Esq., allege and aver as follows:

## <u>NATURE OF CLAIM</u>

1. This is a proceeding for declaratory relief and monetary damages to: redress the deprivation of rights secured to the Named Plaintiffs individually, and on behalf of all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and under the New York Labor Law ("NYLL"), for failure to pay promised wages and overtime to Named Plaintiffs, individually, as well

as other current and former employees of Defendants who are similarly situated.

## JURISDICTION & VENUE

2. The original subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of the Congress providing for the protection of civil rights; under 28 U.S.C § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and 29 U.S.C. § 216(b).

3. This Court's pendant jurisdiction of claims arising under the New York State Labor Law is also invoked under 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is appropriate in the Northern District of New York since the allegations arose in the District, Defendants do business within this District, Defendants employed the Named Plaintiffs in this District, the Named Plaintiffs and the Defendants reside in this District, and the Defendants are subject to personal jurisdiction in this District.

## PARTIES

5. Defendant, BMT Hospitality, LLC, is a New York Limited Liability Company located at 3601 Vestal Parkway East, Vestal, NY 13850. Defendant, TMB, LLC, is a New York Limited Liability Company located at 3601 Vestal Parkway East, Vestal, NY 13850. Defendant, Thomas Bedosky, is the principal owner of both BMT Hospitality, LLC and TMB, LLC and has an office located at 3601 Vestal Parkway East, Vestal, NY 13850. The parties (hereinafter "Defendants") operate a Holiday Inn Express franchise and Candlewood Suites franchise that are physically adjacent to each other and located on Vestal Parkway East in Vestal, New York, in the Northern District of New York. The Defendants engage in a business that employs Named Plaintiffs and other Class Members.

6. Defendants are an enterprise engaged in interstate commerce whose annual gross volume of sales is not less than $500,000. At all times relevant to this action, Defendants employed the Named Plaintiffs and those similarly situated within 29 U.S.C. § 203(d) and comprised an "enterprise" engaged in interstate commerce or the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and (s).

7. Defendants constitute a single, integrated enterprise because they share common management, their operations are interrelated, control of labor relations is centralized, and they have common ownership.

8. At all relevant times, Named Plaintiffs were employees of Defendants under the FLSA and NYLL.

9. Named Plaintiff Tammy Kister is a resident of the State of New York, residing at 255 Ackley Avenue, Johnson City, NY 13709. Ms. Kistner has been employed by Defendants from approximately September, 2015 through the present, primarily at the Holiday Inn Express and Candlewood Suites. Defendants failed to compensate Ms. Kistner for all hours worked, both regular and overtime.

10. Named Plaintiff Nona Brown is a resident of the State of New York, residing at 2700 Watson Boulevard, Apt. #20, Endwell, NY 13760. Ms. Brown has been employed by Defendants from September 2016 to present, primarily at the Holiday Inn Express. Defendants failed to compensate Ms. Brown for all hours worked, both regular and overtime.

11. Named Plaintiff Jessica Sayman is a resident of the State of New York, residing at 15 Grand Avenue, Apartment D., Johnson City, NY 13790. Ms. Sayman was employed by Defendants from approximately August, 2016 through February, 2017, primarily at the Holiday Inn Express. Defendants failed to compensate Ms. Sayman for all hours worked, both regular and overtime.

12. Named Plaintiff Taressa Harrison is a resident of the State of New York, residing at 15 Grand Avenue, Apartment D, Johnson City, NY 13790. Ms. Harrison has been employed by Defendants from January 2017 to present, primarily at the Candlewood Suites. Defendants failed to compensate Ms. Harrison for all hours worked, both regular an overtime.

13. Named Plaintiff Christina Mason-Bell is a resident of the State of New York, residing at 8 Ronan Street, Binghamton, NY 13905. Ms. Mason-Bell has been employed by Defendants from September 2016 to present, and primarily at the Candlewood Suites. Defendants failed to compensate Ms. Mason-Bell for all hours worked, both regular and overtime.

14. Named Plaintiff Antoinette Trivone is a resident of the State of New York, residing at 8 Ronan St., Binghamton, NY 13905. Ms. Trivone has been employed by Defendants from September 2016 to present, primarily at the Candlewood Suites. Defendants failed to compensate Ms. Trivone for all hours worked, both regular and overtime.

15. Named Plaintiff Diana DeJesus is a resident of the State of New York, residing at 35 Down Ave., Apt. 1, Binghamton, NY 13905. Ms. DeJesus has been employed by Defendants from November 23, 2016 to present, primarily at the Candlewood Suites. Defendants failed to compensate Ms. DeJesus for all hours worked, both regular and overtime.

16. The Class Members are those employees similarly situated to Named Plaintiffs.

## FACTUAL BACKGROUND

17. Named Plaintiffs and Class Members were employed by Defendants in Vestal, New York.

18. Throughout their tenures, Named Plaintiffs and Class Members worked hours for which they were not paid, including hours worked in excess of forty (40) in a week.

19. Named Plaintiffs and Class Members were required to perform work to meet Defendants' goals and to complete their required job duties. When they arrived at work, Named Plaintiffs and Class Members were required to sign into an electronic time clock that was originally furnished by Payco, Inc., then subsequently Paychex. More recently, Defendants terminated Paychex, and the electronic time clock was switched back to Payco, Inc. Named Plaintiffs and Class Members used this same timekeeping device when they left for work at the end of their scheduled hours. When Named Plaintiffs and Class Members took a lunch break, they would use the same device to clock in and clock out.

20. The electronic time clock was connected to a computer program that reported the hours worked and clock-in times for payroll purposes. However, instead of using the actual hours recorded on the electronic timeclock, Defendants' managers were instructed by Defendant Thomas Bedosky, principal owner, to electronically alter Named Plaintiffs' and Class Members' time entries. Specifically, Bedosky instructed managers to: (a). falsify the clock-in time when Named Plaintiffs and Class Members arrived for their shift, making it appear that they started work later; (b) falsify the clock-out time at the end of their shift, making it appear that Named Plaintiffs and Class Members ended the work day earlier; and (c). deduct thirty (30) minutes of time for lunch breaks even when Named Plaintiffs and Class Members had worked through their lunch.

21. The net effect of these policies was that Defendants systematically deleted compensable time under both the FLSA and NYLL, depriving Named Plaintiffs and Class Members of regular and overtime pay for all the hours they worked.

22. A few Named Plaintiffs and Class Members noticed that their pay was not corresponding to their hours worked and complained directly to management about this practice.

23. There is also an electronic trail showing the pervasiveness of Defendants' falsification of employee time entries.

24. The uncompensated activities performed by Named Plaintiffs and Class Members include, but are not limited to: cleaning, manning the front desk, laundering, preparing breakfast service, performing maintenance and administration. All the time spent performing these tasks was compensable time under both the FLSA and New York Labor Law.

25. As a net result of these policies, Named Plaintiffs and Class Members were not paid for all compensable work on a daily basis throughout the duration of their employment.

26. As a representative example, and without limitation, the following are specific examples of pay periods where Defendants falsified and reduced Named Plaintiff Kistner's actual work hours, and the corresponding loss of regular and/or overtime pay sustained by Ms. Kistner:

- Pay period 2/22/17 – 2/28/17: Ms. Kistner worked 31.4 hours, but was only paid for 30.5 hours. She was deprived of 0.9 straight time hours at $18.75 per hour;

- Pay period 2/15/17 – 2/21/17: Ms. Kistner worked 42.05 hours, but was only paid for 39.25 hours. She was deprived of 0.75 straight time hours at $18.75 per hour and 1.45 overtime hours at $28.13 per hour;

- Pay period 2/8/17–2/14/17: Ms. Kistner worked 35.4 hours, but was only paid for 35.00 hours. She was deprived of 0.4 straight time hours at $18.75 per hour;

- Pay period 2/1/17 – 2/7/17: Ms. Kistner worked 38.25 hours, but was only paid for 36.75 hours. She was deprived of 1.5 straight time hours at $18.75 per hour;

- Pay period 1/25/17–1/31/17: Ms. Kistner worked 42.00 hours, but was only paid for 40.50 hours. She was deprived of 1.5 overtime time hours at $28.13 per hour;

- Pay period 1/18/17–1/24/17: Ms. Kistner worked 40.05 hours, but was only paid for 38.75 hours. She was deprived of .05 overtime time hours at $28.13 per hour and 1.25 straight time hours at $18.75 per hour;

- Pay period 1/11/17–1/17/17: Ms. Kistner worked 43.10 hours, but was only paid for 40 hours. She was deprived of 3.1 overtime time hours at $28.13 per hour;

- Pay period 1/4/17–1/10/17: Ms. Kistner worked 43.50 hours, but was only paid for 40 hours. She was deprived of 3.5 overtime time hours at $28.13 per hour;

- Pay period 12/28/16–1/3/17: Ms. Kistner worked 42.8 hours, but was only paid for 40 hours. She was deprived of 2.8 overtime time hours at $28.13 per hour;

- Pay period 12/21/16–12/27/16: Ms. Kistner worked 39.1 hours, but was only paid for 37.0 hours. She was deprived of 2.1 straight time hours at $14.00 per hour;

27. Between September 2015 to December 21, 2016, Defendants' falsification of Ms. Kistner's time, and resulting deprivation of pay, occurred to an even greater extent and frequency than set forth in the preceding Paragraph.

28. As a representative example, and without limitation, the following are specific examples of pay periods where Defendants falsified and reduced

Named Plaintiff Brown's actual work hours, and the corresponding loss of regular and/or overtime pay sustained by Ms. Brown:

- Pay period 2/8/17-2/14/17: Ms. Brown worked 40.6 hours, but was only paid for 40.0 hours. She was deprived of 0.6 overtime hours at $15.00 per hour;

- Pay period 2/1/17-2/7/17: Ms. Brown worked 40.5 hours, but was only paid for 40.25 hours. She was deprived of 0.25 overtime hours at $15.00 per hour;

- Pay period 1/25/17–1/31/17: Ms. Brown worked 40.5 hours, but was only paid for 40.25 hours. She was deprived of 0.25 overtime hours at $15.00 per hour;

- Pay period 1/18/17–1/24/17: Ms. Brown worked 40.4 hours, but was only paid for 40.0 hours. She was deprived of 0.4 overtime hours at $15.00 per hour;

- Pay period 1/11/17–1/17/17: Ms. Brown worked 33.65 hours, but was only paid for 33.25 hours. She was deprived of 0.40 straight time hours at $10.00 per hour;

- Pay period 1/4/17–1/10/17: Ms. Brown worked 24.0 hours, but was only paid for 23.0 hours. She was deprived of 1.0 straight time hours at $10.00 per hour;

- Pay period 12/28/16–1/3/17: Ms. Brown worked 19.55 hours, but was only paid for 19.25 hours. She was deprived of 0.3 straight time hours at $10.00 per hour;

- Pay period 12/21/16–12/27/16: Ms. Brown worked 16.4 hours, but was only paid for 16 hours. She was deprived of 0.3 straight time hours at $10.00 per hour;

29. Between September 2016 and December 21, 2016, Defendants' falsification of Ms. Brown's time, and resulting deprivation of pay, occurred to a greater extent and frequency than described in the preceding Paragraph.

30. As a representative example, and without limitation, the following are specific examples of pay periods where Defendants falsified and reduced Named Plaintiff Sayman's actual work hours, and the corresponding loss of regular and/or overtime pay sustained by Ms. Sayman:

- Pay period 1/25/17–1/31/17: Ms. Sayman worked 30.7 hours, but was only paid for 30.0 hours. She was deprived of 0.7 straight time hours at $10.00 per hour;

- Pay period 1/11/17–1/17/17: Ms. Sayman worked 31.9 hours, but was only paid for 30.50 hours. She was deprived of 1.40 straight time hours at $10.00 per hour;

- Pay period 12/28/16–1/3/17: Ms. Sayman worked 35.6 hours, but was only paid for 33.5 hours. She was deprived of 2.4 straight time hours at $10.00 per hour;

- Pay period 12/21/16–12/27/16: Ms. Sayman worked 27.8 hours, but was only paid for 26.5 hours. She was deprived of 1.3 straight time hours at $10.00 per hour;

31. Between August 2016 and December 21, 2016, Defendants' falsification of Ms. Sayman's time, and resulting deprivation of pay, occurred to a greater extent and frequency than described in the preceding Paragraph.

32. As a representative example, and without limitation, the following are specific examples of pay periods where Defendants falsified and reduced Named Plaintiff Harrison's actual work hours, and the corresponding loss of regular and/or overtime pay sustained by Ms. Harrison:

- Pay period 2/15/17–2/21/17: Ms. Harrison worked 38.95 hours, but was only paid for 37.75 hours. She was deprived of 1.2 straight time hours at $9.75 per hour;

- Pay period 2/8/17–2/14/17: Ms. Harrison worked 26.25 hours, but was only paid for 25.75 hours. She was deprived of 0.5 straight time hours at $9.75 per hour;

- Pay period 2/1/17–2/7/17: Ms. Harrison worked 24.20 hours, but was only paid for 22.50 hours. She was deprived of 1.7 straight time hours at $9.75 per hour;

- Pay period 1/25/17–1/31/17: Ms. Harrison worked 22.95 hours, but was only paid for 22.25 hours. She was deprived of 0.7 straight time hours at $9.75 per hour;

33. Between September 2016 and January 25, 2017, Defendants' falsification of Ms. Harrison's time, and resulting deprivation of pay, occurred to a greater extent and frequency than described in the preceding Paragraph.

34. As a representative example, and without limitation, the following are specific examples of pay periods where Defendants falsified and reduced Named Plaintiff Mason-Bell's actual work hours, and the corresponding loss of regular and/or overtime pay by sustained by Ms. Mason-Bell:

- Pay period 2/15/17–2/21/17: Ms. Mason-Bell worked 35.0 hours, but was only paid for 33.0 hours. She was deprived of 2.0 straight time hours at $11.00 per hour;

- Pay period 2/1/17–2/7/17: Ms. Mason-Bell worked 32.9 hours, but was only paid for 31.0 hours. She was deprived of 1.9 straight time hours at $11.00 per hour;

- Pay period 1/25/17–1/31/17: Ms. Mason-Bell worked 19.45 hours, but was only paid for 18.75 hours. She was deprived of 0.7 straight time hours at $11.00 per hour;

- Pay period 1/11/17 – 1/17/17: Ms. Mason-Bell worked 26.7 hours, but was only paid for 25.5 hours. She was deprived of 1.2 straight time hours at $11.00 per hour;

- Pay period 1/4/17 – 1/10/17: Ms. Mason-Bell worked 24.2 hours, but was only paid for 23.5 hours. She was deprived of 0.7 straight time hours at $11.00 per hour;

- Pay period 12/28/16–1/3/17**:** Ms. Mason-Bell worked 12.7 hours, but was only paid for 12.5 hours. She was deprived of 0.2 straight time hours at $11.00 per hour;

- Pay period 12/21/16 – 12/27/16**:** Ms. Mason-Bell worked 23.45 hours, but was only paid for 21.75 hours. She was deprived of 1.7 straight time hours at $11.00 per hour;

35. Between September 2016 and December 21, 2016, Defendants' falsification of Ms. Mason-Bell's time, and resulting deprivation of pay, occurred to a greater extent and frequency than described in the preceding Paragraph.

36. As a representative example, and without limitation, the following are specific examples of pay periods where Defendants altered and reduced Named Plaintiff Trivone's actual work hours, and the corresponding loss of regular and/or overtime pay sustained by Ms. Trivone:

- Pay period 2/15/17–2/21/17: Ms. Trivone worked 39.7 hours, but was only paid for 38.0 hours. She was deprived of 2.0 straight time hours at $9.75 per hour;

- Pay period 2/1/17–2/7/17: Ms. Trivone worked 25.7 hours, but was only paid for 25.0 hours. She was deprived of 0.7 straight time hours at $9.75 per hour;

- Pay period 1/25/17–1/31/17: Ms. Trivone worked 26.2 hours, but was only paid for 25.5 hours. She was deprived of 0.7 straight time hours at $9.75 per hour;

- Pay period 1/11/17–1/17/17: Ms. Trivone worked 26.2 hours, but was only paid for 25.5 hours. She was deprived of 0.7 straight time hours at $9.75 per hour;

- Pay period 1/4/17–1/11/17: Ms. Trivone worked 26.45 hours, but was only paid for 25.75 hours. She was deprived of 0.7 straight time hours at $9.75 per hour;

- Pay period 12/28/16–1/3/17: Ms. Trivone worked 27.0 hours, but was only paid for 26.5 hours. She was deprived of 0.5 straight time hours at $9.75 per hour;

- Pay period 12/21/17–12/27/17: Ms. Trivone worked 16.2 hours, but was only paid for 15.5 hours. She was deprived of 0.7 straight time hours at $9.75 per hour;

37. Between September 2016 and December 21, 2016, Defendants' falsification of Ms. Trivone's time, and resulting deprivation of pay, occurred to a greater extent and frequency than described in the preceding Paragraph.

38. As a representative example, and without limitation, the following are specific examples of pay periods where Defendants falsified and reduced Named Plaintiff DeJesus's actual work hours, and the corresponding loss of regular and/or overtime pay by sustained by Ms. DeJesus:

- Pay period: 2/15/17 – 2/21/17: Ms. DeJesus worked 34.2 hours, but was only paid for 33.5 hours. She was deprived of 0.7 straight time hours at $9.75 per hour;

- Pay period 2/8/17 – 2/14/17: Ms. DeJesus worked 29.45 hours, but was only paid for 27.75 hours. She was deprived of 1.7 straight time hours at $9.75 per hour;

- Pay period 2/1/17–2/7/17: Ms. DeJesus worked 35.7 hours, but was only paid for 34.0 hours. She was deprived of 1.7 straight time hours at $9.75 per hour;

- Pay period 1/25/17–1/31/17: Ms. DeJesus worked 25.35 hours, but was only paid for 24.25 hours. She was deprived of 1.1 straight time hours at $9.75 per hour;

- Pay period 1/11/17–1/17/17: Ms. DeJesus worked 30.45 hours, but was only paid for 29.25 hours. She was deprived of 1.2 straight time hours at $9.75 per hour;

- Pay period 1/4/17–1/10/17: Ms. DeJesus worked 26.45 hours, but was only paid for 26.25 hours. She was deprived of 0.2 straight time hours at $9.75 per hour;

- Pay period 12/21/16–12/27/16: Ms. DeJesus worked 30.2 hours, but was only paid for 28.5 hours. She was deprived of 1.7 straight time hours at $9.75 per hour;

39. Between September 2016 and December 2016, Defendants' falsification of Ms. DeJesus's time, and resulting deprivation of pay, occurred to a greater extent and frequency than described in the preceding Paragraph.

## **WILFULNESS UNDER THE FLSA & NYLL**

40. Defendants willfully deprived Named Plaintiffs and Class Members of wages for all the hours they were working.

41. Upon information and belief, Defendants' payroll services company, Paychex, discovered that Defendants' were engaging in willful manipulation of their payroll. Paychex notified Defendant Bedosky that they would need to retain an auditor (at Defendants' expense) to examine their payroll practices. Rather than correct the rampant issues and/or submit to an audit, Defendant Bedosky terminated Paychex and replaced them with Payco, Inc.

42. In addition, Named Plaintiff Nona Brown confronted Manager, Dennis Brown, about the falsification of her time entries in late December of 2016. Dennis Brown said he was instructed to do so by Defendant, Thomas Bedosky. When Ms. Brown confronted Defendant Bedosky directly, Bedosky conceded Defendants were engaging in this practice. He then asked Ms. Brown: *"You're not going to report this, are you?"*

43. Defendant Bedosky personally reviewed the timesheets of Named Plaintiffs and Class Members to ensure that time was being edited downward, per his instructions, and he would occasionally make edits to the time records of employees.

44. Pursuant to N.Y. Ltd. Liab. Co. Law § 609(c), Defendant Bedosy, as the individual with the largest percentage ownership interest in BMT Hospitality LLC and TMB, LLC, is personally liable "for all debts, wages or salaries due and owing to any of [the LLC's] . . . laborers, servants or employees, for services performed by them for" the LLC.

45. Defendants' actions constitute blatant and willful violations of both the FLSA and NYLL, pursuant to 29 U.S.C. § 255(a) and NYLL Article 19 §§ 650, *et seq.,* rendering them liable for an additional award of liquidated equal to 100% of the sum of the amount of wages and overtime which were not paid to the Named Plaintiffs, Members of the Class and Collective Action Members.

46. Defendants' policies ensure that they do not pay regular and overtime pay to its employees according to state and federal law. These policies apply to all similarly situated employees of Defendants, and have been in effect for at least six (6) years.

**CLASS ACTION ALLEGATIONS UNDER NEW YORK LABOR LAW**

47. The claims arising under the NYLL are properly maintainable as a class action under Federal Rule of Civil Procedure 23 ("Rule 23") under subsections (1), (2), and (3).

48. The Class (hereinafter referred to as those individuals "similarly situated" or "class members") is defined as those current and former, non-exempt, full and part-time employees of Defendants employed since March 6, 2011 in Vestal, New York, who were not paid for all hours suffered or permitted to work, including overtime pay for hours worked more than forty (40). The job functions covered included, but are not limited to, housekeeping, front desk, maintenance, housekeeping supervisor, laundry attendant, breakfast attendant, housekeeping manager, chief of maintenance, nightshift audit and public.

49. Upon information and belief, the Class size is over sixty (60) current and former employees, which makes the Class so numerous that joinder of all members is impracticable.

50. The Named Plaintiffs will adequately represent the interests of the Class Members because they are similarly situated to the Class Members, their claims are typical of, and concurrent to, the claims of the other Class Members, and there are no known conflicts of interest between the Named Plaintiffs and the other Class Members.

51. The Class Counsel, Stan Matusz, Esq., is qualified and able to litigate the Class Members' claims. Class Counsel concentrates his practice in employment litigation and specializes in the prosecution of class and collective action litigation for violations of the FLSA and NYLL.

52. Common questions of law and fact predominate in this action because the claims of all the Class Members are based on whether Defendant, by

falsifying their employees' time entries, failed to properly pay overtime and straight time to non-exempt employees for all hours worked in violation of the NYLL.

53. The Class is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the Class Members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

54. The Class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual Class Members would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for Defendants.

**AS AND FOR A FIRST CLAIM – FAIR LABOR STANDARDS ACT**

55. Named Plaintiffs and Class Members reallege the above paragraphs as if fully restated herein.

56. Defendants' policies were applied to all similarly situated employees of Defendants in Vestal, New York. Accordingly, this action is maintainable as an FLSA Collective Action, pursuant to 29 U.S.C. § 201, et seq.

57. Defendants willfully violated their obligations under the FLSA and are liable to Named Plaintiffs and those similarly situated.

**AS AND FOR A SECOND CLAIM – NEW YORK LABOR LAW**

58. Named Plaintiffs and Class Members reallege the above paragraphs as if fully restated herein.

59. Defendants willfully violated their obligations under the NYLL and are liable to Named Plaintiffs and those similarly situated.

60. As a result, Defendants have violated, and continue to violate, NYLL Article 19 § 650, et seq., and the supporting New York State Department of Labor Regulations.

61. Due to Defendants' violations of the NYLL, Named Plaintiffs and Class Members are entitled to recover compensation for unpaid wages, compensation for overtime wages, an additional amount as liquidated damages, and reasonable attorneys' fees, costs and disbursements of this action, pursuant to NYLL 19 § 663.

## **TRIAL BY JURY**

62. Named Plaintiffs demand a trial by jury on all claims properly triable by a jury.

**WHEREFORE**, the Named Plaintiffs respectfully request that upon trial this Court enter judgment against Defendants in favor of themselves and those similarly-situated, and that they and those similarly situated be given the following relief:

A. An order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

B. An award of the value of Plaintiffs' unpaid wages, overtime and fringe benefits to Named Plaintiffs, Collective Action members, and members of the NYLL Class;

C. An award of liquidated damages under the FLSA equal to 100% of the sum of the amount of the wages and overtime which were not properly paid to the Named Plaintiffs and Collective Action Members;

D. An award of liquidated damages under the NYLL equal to 100% of the sum of the amount of wages and overtime which were not properly paid to Named Plaintiffs and members of the NYLL Class.

E. An award of reasonable attorneys' fees, expenses, expert fees, disbursements and costs incurred in vindicating the rights of Named Plaintiffs and those similarly-situated.

F. An award of pre and post judgment interest;

G. Granting such additional relief as this Court deems just and proper.

Dated: Ithaca, New York
March 8, 2017

/s/Stan Matusz
Stan Matusz, Esq.
Bar Roll # 520502
*Attorney for Class*
29 Murfield Drive
Ithaca, NY 14850
Telephone: 607-319-5513
stanmatusz@gmail.com